**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Vilma Melo<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3164<br>EIN   __–_____ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   ____<br>EIN   __–_____ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 19–27348–VFP | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Vilma Melo

6/5/20    **By the court:** Vincent F. Papalia
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

```
                        United States Bankruptcy Court
                              District of New Jersey
In re:                                                           Case No. 19-27348-VFP
Vilma Melo                                                       Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-2         User: admin              Page 1 of 1          Date Rcvd: Jun 05, 2020
                             Form ID: 318             Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 07, 2020.
db             +Vilma Melo,    38 Bergen Ave,    Clifton, NJ 07011-1210
aty            +Jenelle C. Arnold,    Aldridge Pite, LLP,    4375 Jutland Dr.,    Ste., 200,    PO Box 17933,
                 San Diego, CA 92177-7921
518453091      +Citi/Sears,    Citibank/Centralized Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
518453092      +KML Law Group, P.C.,    701 Market St. #5000,    Philadelphia, PA 19106-1541
518564071      +THE BANK OF NEW YORK MELLON,    Bayview Loan Servicing, LLC,
                 4425 Ponce De Leon Blvd., 5th Floor,    Coral Gables FL 33146-1837

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jun 06 2020 01:54:10      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 06 2020 01:54:08      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518453090      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jun 06 2020 01:54:24
                 Bayview Financial Loan,    Attn: Bankruptcy Dept.,    4425 Ponce De Leon - Blvd. 5th,
                 Miami, FL 33146-1873
                                                                                               TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 5, 2020 at the address(es) listed below:
              David L. Stevens    on behalf of Debtor Vilma  Melo dstevens@scura.com,
               ecfbkfilings@scuramealey.com;lrichard@scura.com;lleon@scura.com;martinezcr93878@notify.bestcase.c
              om
              Denise E. Carlon    on behalf of Creditor    Bayview Loan Servicing, LLC as servicer for The Bank
               of New York Mellon FKA The Bank of New York, as Trustee Et Al... dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              John J. Scura, III    on behalf of Debtor Vilma  Melo jscura@scura.com,
               ecfbkfilings@scuramealey.com;dstevens@scura.com;lrichard@scura.com;lleon@scura.com;martinezcr9387
              8@notify.bestcase.com
              Steven P. Kartzman     kartztee@optonline.net,
               jzapata@msklaw.net;nj16@ecfcbis.com;jloewenstein@msklaw.net;denisew@msklaw.net
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
              William M.E. Powers    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New
               York, As Trustee for the Certificateholders of The CWALT, Inc., Alternative Loan Trust 2004-32CB
               Mortgage Pass-Through Certificates, Series 2004-32CB ecf@powerskirn.com
                                                                                               TOTAL: 6
```